UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ROSCOE L. CRAIG,

     PETITIONER,

    V.                      No: <u>1:07-cv-02328</u> 𝒫L(=

GEORGE SNYDER,

     RESPONDENT, ET. AL.


## MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

COMES NOW, Petitioner Roscoe L. Craig, pro se, and hereby move for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In support hereof petitioner states as follows:

### Preliminary Statement

Petitioner contends that he was denied his right to due process of law under the Fifth Amendment, and he was denied his Sixth Amendment right to the effective assistance of counsel, both at trial and on appeal.

### Statement of Fact

1. On March 10, 2004, petitioner was tried by jury in The District of Columbia Superior Court on the charge of First-Degree Murder While Armed, Possession of a Firearm During a Crime of Violence and Carrying a Pistol Without a License in a Gun Free Zone. Petitioner was found guilty of CPWL-GFZ, but acquitted of all other charges.

RECEIVED

MAR 3 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-2-

2. July 9, 2004, the court sentenced petitioner to 10 years imprisonment, to be followed by three years of supervised release. The July 9, 2004, sentence exceeded the maximum sentence authorized by statute by two years. Trial counsel did not object to or challenge petitioner's sentence, and petitioner was unaware that his sentence was greater than the maximum sentence authorized by statute.

3. On July 15, 2004, petitioner, aggrieved by the judgment, conviction and trial counsel's representation filed a pro se notice of appeal. See Notice of Appeal-attachment "A." On September 25, 2004, the court appointed, via The Criminal Justice Act, Attorney Patrick Hand, to represent petitioner on appeal. However, on December 13, 2005, appellate counsel filed an ex parte motion to withdraw as counsel for petitioner together with an Anders Brief, in which he certified to the court that there were no-non frivolous issues for appeal. See Anders Brief-attachment "B."

4. ON December 19, 2005, the Court of Appeals issued an order, together with a cover letter, requiring that petitioner file a response to appellate counsel's motion by January 13, 2006. See Order and Cover Letter-attachment "C."

5. Petitioner, unassisted by counsel responded timely to the court's order by writing a letter to the court, in which he attempted to advance his issues. However, at this juncture, petitioner was still unaware that his sentence is in excess; that his trial counsel failed to represent him adequately at sentencing; and that appellate counsel failed to advance these issues on appeal. Hence, petitioner attempted to assert in-effective assistance of trial counsel, for counsel's failure to request at trial a self-defense instruction to the jury; and, ineffective assistance of appellate counsel for his failure to raise on appeal, ineffective assistance of trial counsel. There-after, but prior to the judgment, appellate counsel motion the Court of Appeals and requested that the court consider petitioner's pro se response.

6. On January 20, 2006, the Court of Appeals granted appellate counsel's motion to withdraw, and affirmed petitioner's conviction. The Court, in the judgment order, also denied counsel's motion to consider the prose filing since the Court was already in receipt of the pro se response. See judgment order-attachment "D."

7. On March 20, 2006, petitioner filed, pro se, a motion to The District of Columbia Court of Appeals to recall the mandate. Petitioner, at this time, was still unaware of the improprieties averred herein. Thus, petitioner averred ineffective assistance of both appellate counsel and trial counsel. The motion was denied on March 30, 2006.

8. On April 11, 2006, petitioner filed, pro se, a motion to vacate, set aside, or correct sentence, pursuant to D.C. Code § 23-110. The government, in their opposition to petitioner's motion, pointed out that appellate counsel, upon certifying to

the court that there were no non-frivolous issues for appeal
failed to notice that: 1) The government never filed an information
concerning petitioner's prior convictions; 2) That petitioner's
sentence exceeded the maximum sentence authorized by statute.  The
government requested in their opposition, that the court correct
the sentence by the imposition of a sentence of eight years of
imprisonment, to be followed by three years of supervised release.
See Attachment "E," Gov'n opposition motion, page 2, n.1.

9. The court then corrected petitioner's sentence in
accord with the government's request.  The Court summarily denied,
without a hearing, all the issues advanced by petitioner in the
§ 23-110 motion.

### Petitioner's Sixth Amendment Right To The Effective Assistance of Counsel At Sentencing

Petitioner contends that he was denied his Sixth Amendment
Right to the effective assistance of counsel at sentencing.  The
Sixth Amendment provides, "[i]n all criminal prosecutions, the
accused shall enjoy the right...to have the Assistance of Counsel
for his defense."  U.S. Constitutional Amendment VI.  See United
States v. Fields, 483 F. 3d 313, 331, 369 (5th Cir. 2007)("The
Supreme Court has held that sentencing is a critical stage of a
criminal proceeding during which the Sixth Amendment right to
counsel applies.")(citing Mempa v. Rhay, 389 U.S. 128, 135,  88
S. Ct. 254,  19 L. Ed. 2d 336 (1967).  Petitioner's Sixth Amend-
ment right extends to the criminal proceeding in the Superior
Court of the District of Columbia. See McClinton v. United States,
817 A.2d 844, 848 (D.C. 2003)( A criminal defendant has a
fundamental right to the Assistance of Counsel since "the
essential aim of the [Sixth] Amendment is to guarantee an
effective advocate for each criminal defendant.").  Thus, trial
counsel had an obligation at petitioner's sentencing, to aid

-5-

and assist petitioner to present his case as to sentencing, and
counsel's obligation included; that counsel be aware of the
sentence petitioner could receive so that [he] could ascertain
and introduce evidence in mitigation of cricumstances of the
sentence.  See Mempa, supra, at 135.  However, counsel failed
to fulfill these obligations at petitioner's sentencing.  Counsel,
in fact, was not aware that petitioner was met a sentence that
exceeded the sentence authorized by statute.  Thus, counsel did
not object to, nor challenge the illegal sentence met petitioner.
Petitioner asserts that counsel's failure to adequately represent
him at sentencing violated his Sixth Amendment right to the
effective assistance of counsel at sentencing.

## Petitioner's Fifth Amendment Right
## To Due Process of Law on Appeal

        Petitioner contends that he was denied his constitutional
right guaranteed under the Fifth Amendment of the United States
Constitution to Due Process of Law in the appellate proceeding. 1/
        Petitioner's appeal to the District of Columbia Court of
Appeals is a first appeal as of right.  Petitioner is entitled,
therefore, to the appointment of counsel in his first appeal as
of right.  See Evitts v. Lucey, 105 S. Ct. 830, 834-35 (1985).
Petitioner is also constitutionally entitled to the effective
Assistance of Counsel in his first appeal as of right, id. 835;

_____

    1/ Due process of law inherent in the Fourteenth Amendment is
applicable only to the States.  Due Process is attainable in the
District of Columbia through the Fifth Amendment of the U.S.
Constitution. See Bolling v. Sharp, 347 U.S. 479, 499, 74 S Ct.
693,  98 L. Ed 884 (1954).

-6-

Williams v. United States, 783 A. 2d 598, 605 (D.C. 2001)(same).
Thus, appellate counsel, appointed by the court to represent
petitioner in his appeal was required to assist in preparing and
submitting a brief to the appellate court, and in taking the role
of an active advocate, rather than a mere friend of the Court
assisting in a detached evaluation of the appellate's claims. See
Evitts, supra, at 835.

Appellate Counsel, appointed under the Criminal Justice
Act to represent petitioner on appeal had a duty to diligently
investigate the possible grounds of appeal, before certifying to
the court that there are no non-frivolous issues for appeal. See
Anders v. California, 87 S. Ct. 1396, 1398 (1967).  Appellate
Counsel's duty extends to the identification, investigation and
prosecution of trial counsel ineffectiveness. See Williams,
supra, at 606.  In the instant case, appellate counsel failed to
identify and investigate petitioner's illegal sentence, and trial
counsel's failure to object or challenge the sentence.  Under the
law of the District of Columbia, available claims of ineffective
assistance of trial counsel are "essentially waived" if the claims
are not pursued during the pendency of the direct appeal by means
of a motion in the trial court pursuant to D.C. Code § 23-110....
Such claims therefore "must...be raised within the framework of
the direct appeal by the attorney appointed for the appeal." Id 605.
Although petitioner attempted, pro se, to respone to the submission
of the Anders Brief, his attempt, unassisted by counsel was un-
successful.  Thus, petitioner asserts that he was denied due process
of law in his first appeal as of right by the deficient performance
of his appellate counsel. See Williams, Supra, at 605,  "A de-
fendant is denied due process if the deficient performance of his
appellate counsel deprives him of " 'an adequate opportunity to
present his claims fairly in the context of the State's appellate
process.' " Id. at 605; (quoting Ross v. Moffitt, 417 U.S. 600,

616,  94 S. Ct. 2437 (1974)).

## The Government's Waiver of The Waiver Defense

Petitioner asserts that the government has waived its
right to assert the affirmative defense of procedural default.  In
the instant case, petitioner responded timely to the court's
order that was issued as a result of the Anders Brief.  The Court
ignored petitioner's pro se response and entered judgment. However,
the Court was required, prior to entering judgment, to review the
[record] of the proceedings including the court reporter's
transcript."  Instead, the Court [relied] upon the erroneous
certification of appellate counsel that there were no non-frivolous
issues for appeal and affirmed the judgment.  Petitioner asserts
that the court, in relying upon the certification of appellate
counsel, that [the Court appointed] to represent petitioner
constitutes a waiver of the right to the affirmative defense. See
Perruquet v. Briley, 390 F. 3d 505, 515 (7th Cir. 2004)(...."[i]t
is an affirmative defense that the State is obligated to raise
and preserve, and consequently one that it can waive.")(citing
Trest v. Cain, 522 U.S. 87, 89,  118 S. Ct. 478, 480, (1997).  As
with any other right or defense, the State will waive procedural
default by intentionally relinquishing its right to assert that
sefense....Id.  Such a waiver may be explicit or implicit....Id.
Petitioner asserts that the government's waiver, in the instant
case, is an implicit waiver.  Moreover, it was the government
that first pointed out appellate counsel's failures, in a
subsequent opposition to petitioner's post-conviction application.
Thus, the government was aware of the improprieties from the on-
set of the appeal and took no action to point them out to the
Court. Petitioner asserts that the government's silence on appeal,
therefore, constitutes an implicit waiver.  "The State implicitly
waives a defense when its response to the petitioner's claim is

inconsistent with an intent to preserve that defense...." Id. 515-16.

## CONCLUSION

WHEREFORE, for the foregoing reasons, petitioner prays that the court will hold an immediate evidentiary hearing, and thereafter issue the writ releasing petitioner. Alternatively, prays that the court will provide and other relief deemed appropriate by the Court.

Respectfully submitted,
Pro se,

Roscoe L. Craig
Reg. No. 34803-007
Rivers C.I.
P.O. Box 630
Winton, NC 27986

Executed on this **27** th day of February, 2007.

Roscoe L. Craig

ATTACHMENT "A"

**DISTRICT OF COLUMBIA COURT OF APPEALS**

DISTRICT OF THE
COLUMBIA
CASE MANAGEMENT BRANCH

2004 JUL 21  P 3: 23

FILED

UNITED STATES OF AMERICA,     )
                              )
                              )
                              )
     v.                       )      Case No. F 7959 - 02
                              )
                              )
ROSCOE CRAIG,                 )
                              )
          *Defendant.*        )

F I L E D

AUG 2 0 2004

DISTRICT OF COLUMBIA
COURT OF APPEALS

RECEIVED

JUL 2 2 2004

Appeals Coordinator's Office

<u>**NOTICE OF APPEAL**</u>

**PLEASE TAKE NOTICE** that the Defendant, Roscoe Craig, <u>pro se</u>, hereby appeals

to the District of Columbia Court of Appeals from the ORDER entered in the above-

captioned matter and Criminal Case Number F 7959-02 entered on the  15  day of July

*2004.*

Dated: 7/15/04

                    *Roscoe Craig*

                    ROSCOE CRAIG, DEFENDANT, <u>PRO SE</u>
                    DCDC # 271-540
                    D.C. CENTRAL DETENTION FACILITY
                    1901 D Street, S.E.
                    Washington, D.C. 20003

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that I served a true and correct of the foregoing ***NOTICE OF
APPEAL*** upon the OFFICE OF THE UNITED STATES ATTORNEY FOR THE
DISTRICT OF COLUMBIA, 555 Fourth Street, N.W., Washington, D.C., 20001, via the
U.S. mails, postage prepaid, by placing the same in the D.C. Central Detention Facility
mailbox on the  15  day of July 2004.

                    *Roscoe Craig*

                    ROSCOE CRAIG, DEFENDANT, <u>PRO SE</u>

ATTACHMENT "B"



RECEIVED
DEC 1 3 2005
DISTRICT OF COLUMBIA
COURT OF APPEALS

## DISTRICT OF COLUMBIA COURT OF APPEALS

ROSCOE CRAIG,

      Appellant

      v.               No. 04-CF-1006

UNITED STATES OF AMERICA

      Appellee

### EX PARTE MOTION TO WITHDRAW AS COUNSEL FOR APPELLANT

    The undersigned, who by Order filed September 25, 2004 was appointed counsel for Appellant pursuant to the Criminal Justice Act, moves to withdraw. For the reasons stated herein, counsel certifies that there are no non-frivolous issues. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

                        Respectfully submitted,

                        Patrick T. Hand, Esq.
                        D.C. Bar No. 383379

                        4900 Massachusetts Avenue, N.W.
                        Suite 220
                        Washington, D.C. 20016
                        (202) 362-5070

                        Counsel for Appellant

## STATEMENT OF THE CASE

On December 12, 2002, Appellant Roscoe L. Craig ("Appellant") was presented on a complaint charging him with Second Degree Murder while Armed in violation of D.C. Code §§ 22-2103 and 4502 (2001 Ed.).[1] His arrest on a warrant followed the September 16, 2002 shooting death of Gerald McKinnon. *Record*, 1,32.

On May 28, 2003, an indictment was filed that charged Appellant with: (1) First Degree Murder while Armed, D.C. Code §§ 22-2101 and 4502; (2) Possession of a Firearm During a Crime of Violence or Dangerous Offense ("PFDC"), *Id.*, § 4504(b); and (c) Carrying a Pistol without a License (Outside of Home or Place of Business) in a Gun Free Zone ("CPWL-GFZ"), *Id.*, §§ 4504(a), 4502.01(a) and (b). *Record,* 33. On June 4, 2003, Appellant was arraigned and entered a plea of not guilty. *Record,* A.

The jury trial commenced March 10, 2004. On March 29, 2004, the jury returned its verdict, convicting Appellant of CPWL-GFZ, but acquitting him of Felony Murder While Armed and PFDC. *Id,* 68 On July 9, 2004, the trial court sentenced Appellant to 10 years imprisonment on the charge of CPWL-GFZ, followed by three years of supervised release, and imposed Costs of $100.00. *Id,* 31, 74. His timely appeal followed. *Id,* 75.

## STATEMENT OF FACTS

On the afternoon of September 16, 2002, Gerald McKinnon was shot six times outside of his vehicle, near the intersection of Saratoga Avenue and 14th Street, N.E., adjacent to the Brookland[2] Manor Apartments. *Transcript*, March 11, 2004, 100; March 22, 2004, 13-13. The shooting occurred just outside the windows of the Edgewood-Brookland Family Support Collaborative at 1345 Saratoga Avenue, N.E., where several

---

[1] All references to the District of Columbia Code are to the 2001 Edition.
[2] The court reporters referred throughout to "Brooklyn" but clearly meant Brookland.

employees saw or heard the incident (though none were able to identify the assailant). *E.g.*, *Transcript*, March 11, 2004, 119-120, 133-34, 150. They reported hearing two sets of shots, separated by an interval of several seconds, and saw McKinnon with his arms in front of him, as the shooter stood over him and fired shots to his head. *Id.*, 133, 135. The shooter then ran in the opposite direction, down Saratoga Avenue, towards the Brookland Manor Senior Youth Center . *Id.*, 136, 180. The distance from the scene of the shooting to the front of the Youth Center was measured at 567 feet. *Transcript*, March 15-17, 2004, 254.[3]

Janet Avery, the office manager, went outside to render first aid, but McKinnon's injuries were so severe that there was little she could do. *Transcript,* March 11, 2004, 139-40. He died of gunshot wounds to the head and chest. *Transcript*, March 15-17, 2004, 205-06. McKinnon was not armed. However, recovered from his vehicle (which was idling near the scene of the shooting when police arrived) was an instructional manual for a Jennings T-380 semi-automatic handgun. *Id.*, 146, 153.

Mae McFadden, Appellant's mother, learned of the shooting later that afternoon when she rode through the neighborhood and asked the police what happened. *Transcript*, March 11, 2004, 66, 69. McFadden testified for the Government that she later talked to Appellant about the shooting. He told her, "he did not want to do it," but that he had no choice because "Gerald was going to get him." *Id.*, 72.

Testifying, Appellant admitted the shooting and admitted that he did not have a license to carry a pistol. However, he claimed that he acted in self-defense, after McKinnon exited his car and reached for his waistband. *Transcript.*, March 22, 2004, 10. On September 12, 2002 – four days before the shooting, Appellant and McKinnon got into a

---

[3] The Third Count of the indictment alleged that Appellant possessed a pistol within 1,000 feet of the Brookland Manor Boys and Girls club, a gun-free zone. Record, 33.

heated argument, during which McKinnon threatened to shoot him. Witnesses corroborated

Appellant's version, and two witnesses testified that McKinnon threatened them with a gun.

In addition, witnesses testified to seeing McKinnon knocking on Appellant's door after the

September 12 confrontation, at a time when Appellant was not at home. Finally, the fact

that McKinnon's vehicle was idling near the crime scene suggested that he left his vehicle

with the intention of returning almost immediately, bolstering Appellant's belief that

McKinnon intended to harm him.

## THERE ARE NO NON-FRIVOLOUS ISSUES

Appellant testified at his trial and admitted to shooting Gerald McKinnon, but said

that he acted in self-defense. The jury evidently believed him, as it acquitted not only of

First Degree Murder, but also of the lesser offense of Second Degree Murder (and therefore

the jury did not have to consider the PFDC charge). See copy of "Jury Verdict Form,"

*Record*, 88 (attached hereto). However, Appellant admitted to carrying the weapon he used

to shoot McKinnon. In fact, in his closing argument, defense counsel stated:

> Mr. Craig told you that he had the firearm, admitted as much. Told you how
> long he had it and why.
> If you find him guilty off possession of the handgun it's because he told you
> he had the handgun, right?

*Transcript*, March 22, 2004, 110. Consequently, Appellant was convicted only of the third

count of the indictment, which charged:

> On or about September 16, 2002, within the District of Columbia, Roscoe
> L. Craig, previously having been convicted of a felony in case F-3217-99, did
> openly or concealed on or about his person, in a place other than his dwelling
> place, place of business or on other land possessed by him, a pistol, without a
> license issued pursuant to law, within one thousand feet of the real property
> comprising a youth center, that is, the Brookland Manor Boys and Girls club.
> (Carrying a Pistol without a License (Outside Home or Place of Business) In a
> Gun Free Zone, in violation of 22 D.C. Code, Section 4504(a), 4502.01(a)(b)
> (2001 ed.))

*Record*, 33, a copy of which is attached hereto. Appellant received a sentence of 10 years upon his conviction for this count. See "Judgment", which was omitted from the Record on Appeal, but is attached hereto.

The sentence imposed by the court was lawful. D.C. Code § 22-4504, relating to "Carrying concealed weapons," provides in relevant part:

> (a) No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon capable of being so concealed. Whoever violates this section shall be punished as provided in § 22-4515, except that:
>
> (1) A person who violates this section by carrying a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon, in a place other than the person's dwelling place, place of business, or on other land possessed by the person, shall be fined not more than $5,000 or imprisoned for not more than 5 years, or both; or
>
> (2) If the violation of this section occurs after a person has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or another jurisdiction, the person shall be fined not more than $10,000 or imprisoned for not more than 10 years, or both.

The Judgment refers only to subsection (a)(1),[4] which carries only a maximum penalty of five years, and not subsection (a)(2) (with its 10 year maximum for felons possessing a pistol). Recently, this Court held that a defendant may be sentenced under only one of these subsections, not both. *Johnson v. United States*, 840 A.2d 1277, 1284 (D.C. 2004). However, Appellant also was subject to 10 years under D.C. Code § 22-4502.01, relating to "Gun free zones; enhanced penalty", which states:

> (a) All areas within 1000 feet of a public or private day care center, elementary school, vocational school, secondary school, college, junior college, or university, or any public swimming pool, playground, video arcade, or youth center, or an event sponsored by any of the above entities shall be declared a gun free zone.
> (b) Any person illegally carrying a gun within a gun free zone shall be punished

---

[4] The Judgment cites the former codification at D.C. Code § 22-3204(a)(1).

by a fine up to twice that otherwise authorized to be imposed, by a term of
imprisonment up to twice that otherwise authorized to be imposed, or both.

Thus, Appellant was subject to double the five-year penalty under D.C. Code § 22-

4504(a)(1). Metropolitan Police Department Office Keith Slaughter testified that the area

where the shooting took place was no more than 567 feet from the Brookland Manor Boys

and Girls Club, and Appellant did not controvert this testimony or present evidence to the

contrary. *Transcript*, March 16, 2004, 257-58.

Additionally, the indictment in this matter referenced Appellant's previous felony

conviction, so that the trial court could have sentenced him to 10 years under subsection

(a)(2) (and perhaps up to 20 years by virtue of his possession in a gun-free zone).

Appellant did not challenge the prior conviction, nor did he claim that he was not subject

to enhanced penalties as a result of that conviction.

Finally, Appellant did not request a self-defense instruction on the charge of CPWL-

GFZ, and probably was not entitled to such an instruction. See *Hurt v. United States*,

D.C.App., 337 A.2d 215, 217 (1975); *Mitchell v. United States*, 302 A.2d 216, 217 (D.C.

1973) (recognizing "narrow" exceptions to rule prohibiting self-defense instruction for

CPWL, such as where a person under imminent attack obtains a pistol).

CONCLUSION

There being no non-frivolous issues, counsel asks that he be relieved of his duties.

Respectfully submitted,

Patrick T. Hand, Esq., Bar No. 383379
4900 Massachusetts Avenue, N.W., #220
Washington, D.C. 20016
(202) 362-5070
Counsel for Appellant

ATTACHMENT "C"

District of Columbia
Court of Appeals

No. 04-CF-1006

**FILED**

DEC 1 9 2005

DISTRICT OF COLUMBIA
COURT OF APPEALS

ROSCOE CRAIG,

Appellant,

v.                                                          F7959-02

UNITED STATES,

Appellee.

## O R D E R

On consideration of the motion of court-appointed counsel to withdraw from this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), *Gholson v. United States*, 532 A.2d 118 (D.C. 1987); and *Gale v. United States*, 429 A.2d 177 (D.C. 1981), *cert. denied*, 454 U.S. 893 (1981), it is

ORDERED that the appellant shall file by January 13, 2006, any response showing cause why counsel's motion should not be granted and the judgment from which the appeal was taken affirmed. Failure to respond shall result in the motion being submitted to the court for decision on the motion and record alone. It is

FURTHER ORDERED that the motion of court-appointed counsel to withdraw is hereby held in abeyance pending appellant's response to this order.

BY THE COURT:

ERIC T. WASHINGTON
Chief Judge

Copies to:

Roscoe Craig
FR #34803-007
Rivers CI
145 Parkers Ferry Road
Winton, NC 27986

Patrick T. Hand, Esquire
4900 Massachusetts Ave., NW
Suite 220
Washington, DC 20016

lw

# District of Columbia
# Court of Appeals

TO:   Roscoe Craig
      FR #34803-007
      Rivers CI
      145 Parkers Ferry Road
      Winton, NC 27986

RE:   **No. 04-CF-1006 - *Roscoe Craig v. United States***

     In the above case, your court-appointed counsel has filed a motion to withdraw from this appeal and if granted the court would affirm the order or judgment that is the subject of the appeal. If you wish, you may file a response to your attorney's motion by the date set forth in the attached order. In your response, you should set out your reasons why your attorney should not be permitted to withdraw and why the court should not affirm the order on appeal. You may also set forth any grounds for appeal you believe you may have. In the event you need additional time within which to respond, you must advise the court in writing using the self-addressed stamped envelope provided.

     After your response has been received or the time for filing has expired, the motion and any response you may make will be submitted to the court for its consideration. The court will also review the record of the trial proceedings including the court reporter's transcript. If the court concludes the appeal lacks merit and grants the motion of your court-appointed counsel to withdraw, the order on appeal will be affirmed. Therefore, it is important that you file a response to the motion if you believe there are grounds for appeal.

Sincerely,

GARLAND PINKSTON, JR.
Clerk of the Court

Copies to:

Patrick T. Hand, Esquire
4900 Massachusetts Ave., NW
Suite 220
Washington, DC 20016

lw

ATTACHMENT "D"

# District of Columbia
# Court of Appeals



No. 04-CF-1006

ROSCOE L. CRAIG,

                  Appellant,

    v.

UNITED STATES,                              F7959-02

                  Appellee.

BEFORE:  Schwelb, Associate Judge, and Pryor and Belson, Senior Judges.

## JUDGMENT

On consideration of the motion of counsel for appellant to withdraw, the *pro se* response thereto, counsel's motion to accept appellant's *pro se* response, and the record on appeal, and it appearing that there are no non-frivolous issues on appeal, it is

ORDERED that the motion to withdraw is granted. *See Anders v. California*, 386 U.S. 738 (1967), *Gholson v. United States*, 532 A.2d 118 (D.C. 1987); and *Gale v. United States*, 429 A.2d 177 (D.C. 1981), *cert. denied*, 454 U.S. 893 (1981). It is

FURTHER ORDERED that counsel's motion to accept appellant's *pro se* filing is denied as moot since the court was already in receipt of the response. It is

FURTHER ORDERED and ADJUDGED that the judgment on appeal be, and it hereby is, affirmed.

ENTERED BY DIRECTION OF THE COURT:

GARLAND PINKSTON, JR.
Clerk of the Court

Copies to:

Honorable Patricia A. Broderick

Clerk, Superior Court

ATTACHMENT "E"



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION – – FELONY BRANCH**

UNITED STATES OF AMERICA :
                                   :
                                   :       **Criminal No.  F-7959-02**
         **v.**                  :
                                   :       **Hon. Patricia Broderick**
                                   :
**ROSCOE L. CRAIG**          :
                                   :

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## *PRO SE* MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States, through its attorney, the United States Attorney for the District of Columbia, opposes defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to D.C. Code Section 23-110.  Because the claim that defendant is raising is procedurally barred due to his failure to raise it on direct appeal, this court should summarily deny his Section 23-110 motion.

## PROCEDURAL HISTORY

On May 28, 2003, an indictment was filed that charged defendant with the following offenses that occurred on September 16, 2002: 1) First-Degree Murder While Armed, in violation of D.C. Code §§ 22-2101 and 4502; 2) Possession of a Firearm During a Crime of Violence or Dangerous Offense (PFCV), *Id.* § 22-4504(b); and 3) Carrying a Pistol Without a License (Outside the Home or Place of Business) in a Gun Free Zone (CPWL-GFZ), *Id.* §§ 22-4504(a), 4502.01(a) and (b).

A jury trial began on March 10, 2004, and defendant was found guilty of CPWL-GFZ, but acquitted of all other charges.  On July 9, 2004, the Court sentenced defendant to 10 years of imprisonment, to be followed by three years of supervised release.  On July 15, 2004, defendant

submitted a *pro se* notice of appeal for filing. *See* Attachment A (*Pro Se* Notice of Appeal).

Attorney Patrick Hand ("appellate counsel") was appointed as appellate counsel on September 25, 2004. On December 13, 2005, appellate counsel filed an *ex parte* motion to withdraw from this case. *See* Attachment B (*Ex Parte* Motion To Withdraw As Counsel For Appellant). In his motion, appellate counsel evaluated the evidence that was presented to the jury, and found that there was a basis for the jury to find defendant guilty of carrying a pistol in a gun free zone, because defendant admitted that he possessed and used the pistol in order to protect himself from the decedent. *Id.* at 3-4. Appellate counsel also found that the evidence supported defendant's sentence in this case, because the evidence demonstrated that defendant carried the pistol in a gun-free zone and the gun-free zone statute authorized the imposition of a 10-year term of imprisonment. *Id.* at 5. Appellate counsel also noted that the indictment contained information regarding defendant's prior felony conviction, and that defendant did not challenge his prior conviction or the application of this enhancement to his sentence; thus, defendant could have been sentenced to 10 years of imprisonment pursuant to D.C. Code § 22-4504(a)(2). *Id.* Consequently, appellate counsel concluded that there were no non-frivolous issues to present on appeal, and asked that he be allowed to withdraw from this case. *Id.*[1]

---

[1] Appellate counsel appears to have been mistaken when he claimed that defendant was subject to an enhanced term of imprisonment based on his prior felony conviction, because it appears that the government never filed an information concerning defendant's prior convictions, pursuant to D.C. Code § 23-111, which is a prerequisite before an enhanced sentence may be imposed based on a defendant's prior convictions. Furthermore, although defendant has not raised this issue, it appears to the government that defendant's sentence exceeds the maximum sentence authorized by the statutes. More specifically, pursuant to D.C. Code § 24-403.01(b-1), the maximum term of imprisonment to be imposed at sentencing shall not exceed the maximum term of imprisonment authorized for the offense minus the maximum term of imprisonment authorized upon revocation of supervised release pursuant to § 24-403.01(b)(7). In this case, it appears that defendant's sentence exceeds the maximum authorized sentence because the term of

On December 19, 2005, the Court of Appeals issued an Order requiring that defendant file a response to appellate counsel's motion by January 13, 2006. *See* Attachment C (Order of the District of Columbia Court of Appeals, December 19, 2005). Along with that Order, the Clerk of the Court submitted a cover letter, in which he told defendant, among other things, that his response to appellate counsel's motion may contain any grounds for appeal he believes should be raised. *See* Attachment D (Letter from Clerk of Court). The Clerk also informed defendant that if he needed additional time to file a response, he should put this request in writing. *Id.* Defendant did not file a response pursuant to the Court's Order; consequently, on January 20, 2006, the Court of Appeals granted appellate counsel's motion to withdraw, declared defendant's appeal as moot, and affirmed defendant's convictions. *See* Attachment E (Order of the District of Columbia Court of Appeals, January 20, 2006).

On March 20, 2006, defendant submitted a *pro se* Motion To Recall Mandate, in which he argued that his appellate counsel was ineffective for failing to raise claims on direct appeal. *See* Attachment F at 2 (Defendant's *Pro Se* Motion To Recall Mandate). Defendant also claimed that trial counsel was ineffective for failing to argue to the jury that defendant should have been acquitted of CPWL-GFZ if they accepted his claim of self-defense. *Id.* Thus, defendant requested that the Court of Appeals recall its mandate and grant him the relief. *Id.* at 3. Defendant's motion was denied on March 30, 2006. *See* Attachment G (Order, March 30, 2006).

On April 11 2006, defendant submitted a *pro se* Motion To Vacate, Set Aside, or Correct

---

imprisonment that was imposed in this case is greater than the maximum term of imprisonment authorized for the offense of CPWL-GFZ (10 years) minus the maximum term of imprisonment defendant would have to serve if his term of supervised release is ever revoked (2 years). Therefore, defendant's sentence should be corrected by the imposition of a sentence of eight years of imprisonment, to be followed by three years of supervised release.

Sentence, pursuant to D.C. Code Section 23-110, in which he is arguing that the Court should have instructed the jury that they could acquit him of CPWL-GFZ if they accepted his claim of self-defense. Defense Motion at 1. To support his argument, defendant is relying on the doctrine found in *Wilson v. United States*, 91 U.S.App.D.C. 135, 198 F.2d 299 (1952), which states that a person is not guilty of CPWL during a time when the pistol is used in self-defense. Based on the following reasons, defendant's motion should be summarily denied.

## ARGUMENT

The defendant's motion should be summarily denied because his claim is procedurally barred for his failure to raise it on direct appeal. Where a defendant has already filed his direct appeal and "failed to raise an available challenge to his conviction," he may not avail himself of D.C. Code § 23-110 unless he demonstrates "both cause for his failure to do so and prejudice as a result of his failure." *Head v. United States*, 489 A.2d 450, 451 (D.C. 1985) (internal citation omitted); *see also Vaughn v. United States*, 600 A.2d 96, 97 (D.C. 1991). This procedural bar applies with equal force to substantive challenges and to claims of ineffective trial counsel where a defendant "during the pendency of his direct appeal demonstrably knew or should have known of the grounds" for his claims. *Shepard v. United States*, 533 A.2d 1278, 1280 (D.C. 1987). To show cause, a defendant must demonstrate some objective factor external to the defense, such as government interference or the previous unavailability of the factual basis for the claim despite reasonable investigation, prevented him from raising the claim on direct appeal. *McClesky v. Zant*, 499 U.S. 467, 486 (1991) (interpreting analogous cause standard in federal equivalent of § 23-110); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a defendant fails to show adequate cause for his default, this Court need not consider whether he suffered prejudice or if

4

the trial court was in error. *Matos v. United States*, 631 A.2d 28, 31 (D.C. 1993).

The defendant in this case cannot show cause for his failure to raise on appeal the claim he now brings in his Section 23-110 motion. It is clear from the record that defendant knew or should have known of this claim at the time of his direct appeal because he raised the same claim in his *pro se* Motion To Recall Mandate. *See* Attachment F, *supra*. In that motion, defendant claimed that trial counsel should have asked the Court to instruct the jury that they could acquit him of the gun charge if they believed his claim of self-defense. *Id*. Defendant was aware, or should have been aware, that he could raise this claim on appeal *pro se* because the Clerk of the Court informed him, in writing, that he should respond to appellate counsel's motion if he believed that there were grounds for appeal, and that those claims would be considered by the Court of Appeals. *See* Attachment D *supra*. However, defendant failed to do so, and defendant has not alleged, let alone established, that any external factor prevented him from doing so. Furthermore, there is nothing to indicate that defendant finally became aware of his current claim after his conviction was affirmed on appeal. Since the record clearly shows that defendant was or should have been aware of this issue at the time of his direct appeal, and because defendant has not provided a reason for his failure to raise this claim on direct appeal, defendant has failed to show cause to surmount his procedural default.[2] Accordingly, defendant's § 23-110

---

[2]   Although the defendant may contend that his appellate counsel's failure to raise the issue constitutes sufficient cause, that justification is unavailing, because the Court of Appeals rejected defendant's claim of appellate counsel's ineffectiveness when it denied his Motion to Recall Mandate. *See* Attachment G, *supra*. Furthermore, defendant cannot, in Superior Court, establish "cause" for failure to raise a claim on direct appeal by claiming his appellate attorney was ineffective, and must instead establish such "cause" by filing a motion to recall mandate issued in the direct appeal. *See e.g., Wu v. United States*, 798 A.2d 1083, 1091 (D.C. 2002); *Mayfield v. United States*, 659 A.2d 1249, 1252 (D.C. 1995) (issue of ineffective appellate assistance, even if raised only to establish failure to raise a claim on appeal, can only be

motion is procedurally barred by his failure to establish cause for why he did not raise his current claims on direct appeal.[3]

## CONCLUSION

Because the defendant's claims are procedurally barred for his failure to raise them on direct appeal, Defendant's *Pro Se* Motion to Vacate Sentence under D.C. Code § 23-110 should be summarily denied.

---

addressed through the filing of a motion to recall the mandate in the Court of Appeals), *cert. denied*, 518 U.S. 1026 (1996); *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc) (same).

[3] Assuming that defendant could show sufficient cause for his failure to raise this claim on direct appeal, he fails to show that he would suffer any actual prejudice if he was not allowed to raise this claim on collateral attack, because his claim is substantively without merit. To establish "actual prejudice," defendant must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of Constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Here, defendant has not established actual prejudice. Although defendant relies on doctrine of the *Wilson* case to support his argument that he should have been acquitted of the gun charge due to the jury's acceptance of his self-defense claim and his acquittal of the murder and the PFCV charges, the facts in this case do not support the application of that doctrine. In *Wilson*, the Court of Appeals for the D.C. Circuit held that one is not guilty of carrying an unlicensed gun during the period it is actually used in self-defense. *Wilson*, 91 U.S.App.D.C. at 136, 198 F.2d at 300 (1952). However, the Court of Appeals made it clear that this doctrine does not apply when one who anticipates harm carries a gun for an hour or more before the danger is actually present. *Dandridge v. United States*, 105 U.S.App.D.C. 157, 265 F.2d 349 (1959). Here, defendant testified that he carried the murder weapon on his person on September 13th, September 15th, and on September 16th, which was the date of the murder, and that he did so in order to protect himself from the decedent. 03/18/04 Tr. at 30-33. Since the facts of this case do not support the application of the doctrine that was established in *Wilson*, defendant would not have been entitled to make such an argument to the jury, nor would he have been entitled to have such an instruction read to the jury. Accordingly, he has not carried his burden of showing actual prejudice, and his motion should be summarily denied.