UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROSCOE L. CRAIG, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-2328 (PLF) |
| GEORGE SNYDER, | ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM OPINION

      Petitioner, a District of Columbia prisoner currently confined at the Rivers Correctional Institution in Winton, North Carolina, seeks *habeas corpus* relief under 28 U.S.C. § 2254. He challenges his conviction and sentence imposed by the Superior Court of the District of Columbia following a jury trial in 2004. Specifically, petitioner claims that he was denied the effective assistance of counsel during trial and on appeal, that the court erroneously omitted a jury instruction, and that his ten-year sentence exceeded the maximum sentence authorized by law. For the following reasons, the Court finds that it lacks jurisdiction to entertain the petition and therefore will dismiss the case.

      Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges). Under the local statute, an "application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy

by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (internal footnote and quotation marks omitted); see Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

Except for in rare circumstances not applicable here, see, e.g., Streater v. Jackson, 691 F.2d 1026, 1027-28 (D.C. Cir. 1982), "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992); accord *Blair-Bey v. Quick*, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence."). As the court of appeals said in Garris v. Lindsay:

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. '[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases.'

Garris v. Lindsay, 794 F.2d at 726 (quoting Swain v. Pressley, 430 U.S. 372, 382-83 (1977)) (footnotes omitted). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. See id. at 727; Charles v. Chandler, 180 F.3d 753, 756-58 (6th

2

Cir. 1999) (citing cases); Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner has not claimed that his remedy by motion under § 23-110 is inadequate or ineffective to test the legality of his detention. The Court therefore concludes that this action must be dismissed for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 11, 2008